Coös,  
Dec. 7, 1920.

### WILLARD D. BUBER & a. v. JOSEPH G. BLAIS.

A demand is not necessary to terminate a lease for non-payment of rent, if by the terms of the lease a demand is unnecessary.

Though by the acceptance of overdue rent a lessor waives his right to terminate the lease for default in such payment, he does not thereby waive his right to insist by notice that subsequent payments shall be made when due.

Under P. S., c. 246, s. 4; Laws 1905, c. 57, a notice by a lessor to the lessee to quit on a day certain, more than seven days after the day of service, is equivalent to entry for condition broken.

WRIT OF ENTRY. When the plaintiffs purchased the demanded premises, they were leased to the defendant for the term of ten years

from the 28th of May, 1918, and they purchased subject to the lease. The defendant was in the habit of not paying his rent until the first of the next month, and on Dec. 26, 1919, the plaintiffs notified him that he must pay it on the 28th of the month, when it was due. He neglected to pay his rent on that day and on December 30th they notified him to quit on the 31st day of the next month, and subsequently brought this suit. The court directed a verdict for the plaintiffs and the defendant excepted. Transferred from the April term, 1920, of the superior court by *Kivel*, C. J.

*Sullivan & Daley* (*Mr. Sullivan* orally), for the plaintiffs.

*George F. Rich* (by brief and orally), for the defendant.

YOUNG, J. The defendant bases his contention that the court erred, on the propositions (1) that a demand is necessary in order to terminate a lease for the non-payment of rent and (2) that it can be found the plaintiffs had waived the provision of the lease in respect to the payment of the rent on the 28th day of each month. Although a demand was necessary at common law to terminate a lease for non-payment of rent, that is not true when, as in this case, the lease provides that no demand shall be necessary. *McQuesten* v. *Morgan*, 34 N. H. 400, 405.

Notwithstanding it is true that the plaintiffs by accepting the rent waived their right to terminate the lease for the defendant's previous defaults, it cannot be found from these facts that they waived their right to insist that subsequent payments should be made on the day they were due. Neither can it be found that they are estopped to deny the defendant tendered the rent for the month in question on the day it was due for they notified him on the 26th that he must pay his rent on the day it was due. It is suggested that this action cannot be maintained because no entry on the demanded premises has been shown, but it is conceded that the plaintiffs gave the defendant a notice to quit on a definite day, which was more than seven days after the day the notice was served on him, and P. S., *c.* 246, *s.* 4 as amended by Laws 1905, *c.* 57 provides that such a notice is equivalent to entry for condition broken.

*Exception overruled.*

All concurred.